UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **IRMA J. SMITH, ET AL.** | **PLAINTIFFS** |
| AND | |
| **UNITED STATES OF AMERICA** | **PLAINTIFF-INTERVENOR** |
| V. | **CIVIL ACTION NO. 1:65-CV-11577** |
| **CONCORDIA PARISH SCHOOL BOARD, ET AL.** | **DEFENDANTS** |

---

**Memorandum in Support of Motion of Delta Charter Group to Dissolve Consent Decrees**

---

Respectfully submitted, this 29th day of August, 2025.

/s/ *Lee C. Reid*
Lee C. Reid
LA Bar No. 26481
Adams and Reese LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139
Telephone: 504.581.3234
E-mail: lee.reid@arlaw.com

/s/ *John S. Hooks*
John S. Hooks
MS Bar No. 99175
*Admitted Pro Hac Vice*
Adams and Reese LLP
1018 Highland Colony Pkwy., Ste. 800
Ridgeland, MS 39157
Telephone: 601.353.3234
E-mail: John.Hooks@arlaw.com

***Counsel for Delta Charter Group, Inc.***

**TABLE OF CONTENTS**

Table of Contents ..................................................................................................... 2

Table of Authorities ................................................................................................ 3

I.      Delta Charter School is not undermining desegregation obligations of the Concordia Parish Schools. ............................................................................................. 4

II.     Delta has complied with this Court's orders and dissolution of its Consent Decrees is appropriate under Rule 60(b). ............................................................................ 5

III.    The requirement to achieve "unitary status" does not apply to Delta. ..................... 9

IV.     Conclusion ....................................................................................................... 10

Certificate of Service ............................................................................................... 11

# TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Horne v. Flores,*
557 U.S. 433 (2009) ............................................................................................... 5

*Rufo v. Inmates of Suffolk County Jail,*
502 U.S. 367 (1992) ............................................................................................... 5

**UNITED STATES CIRCUIT COURTS OF APPEALS**

*Anderson v. City of New Orleans,*
2022 WL 2352215 (5th Cir. June 30, 2022) ......................................................... 5

*Banks v. St. James Parish School Board,*
757 Fed. Appx. 326 (5th Cir. 2018) ................................................................... 4, 9

*Price v. Austin Independent School District,*
945 F.2d 1307 (5th Cir. 1991) ............................................................................... 9

*Ross v. Houston Independent School District,*
669 F.2d 218 (5th Cir. 1983) ................................................................................. 9

**STATUTES AND COURT RULES**

Rule 60(b) ............................................................................................................... 5

Delta is entitled to dismissal because it is undisputed that Delta is not interfering with the desegregation obligations of the Concordia Parish School Board, the predicate for this Court's jurisdiction. Additionally, Delta has complied with the Orders of this Court and entitling it to dissolution of its Consent Decrees and dismissal from this case.

**I.      Delta Charter School is not undermining desegregation obligations of the Concordia Parish Schools.**

Following this Court's hearing on the Motion for Further Relief of the Concordia Parish Schools in February 2017 and the Court's resulting Order issued in June 2017, the Fifth Circuit, in December 2018, clarified the proper role and jurisdiction of district courts in relation to charter schools who happen to be located within public school districts subject to desegregation decrees: "The district court's role is limited to determining whether the operation of the charter school would undermine the desegregation order." *Banks v. St. James Parish School Board*, 757 Fed. Appx. 326, 330 (5th Cir. 2018).

Here, the basis for the Court's jurisdiction over Delta is limited to whether Delta Charter School is undermining the desegregation orders of the Concordia Parish Schools. It is undisputed that Delta Charter School is not undermining the desegregation obligations of the Concordia Parish Schools, as demonstrated by the recently filed Joint Stipulation of Dismissal, [437], and Unopposed Motion to Vacate All Orders filed by the Concordia Parish Schools, [438]. Dismissal is in order.

## II.  Delta has complied with this Court's orders and dissolution of its Consent Decrees is appropriate under Rule 60(b).

Delta is also entitled to dismissal because it has complied with the 2013 Consent Decree, [60], the 2017 Order, [173], and the 2018 Enrollment Process [222-1]. Courts frequently consider requests to modify or dissolve consent decrees under Federal Rule of Civil Procedure 60(b). As a prerequisite to invoking this Court's discretion to modify a decree under Rule 60(b), a party must show the request is justified by one of the grounds for modification specified in the Rule. Rule 60(b) provides in full that "a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Delta seeks dissolution of its Consent Decrees under Rule 60(b)(5), which permits the Court to exercise its discretion upon a party's showing that the judgment has been satisfied, released, or discharged." *See* Fed. R. Civ. P. 60(b)(5); *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992); *Anderson v. City of New Orleans*, 2022 WL 2352215, at *4 (5th Cir. June 30, 2022) (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009) ("Rule 60(b)(5) . . . provides a means by which a party can ask a court to modify or vacate a judgment or order if a

significant change either in factual conditions or in law renders continued enforcement detrimental to public interest."

Read together, the heart of Delta's three Consent Decrees is the student enrollment requirement at Delta. The 2013 Consent Decree requires that Delta's "student enrollment will reflect the racial demographics of the Concordia Parish School District." [60, p. 3]. Although no specific racial percentages are set out as mandatory quotas, the order also provides that "If thirty (30) days prior to the start of classes for any school year the percentage of black student enrollment in Delta Charter School is 10% or more below the black student enrollment in the Concordia Parish School District, Delta Charter Group will analyze the causes of this enrollment rate, propose how to modify the enrollment rate, and submit the analysis and proposal to the Court and the parties by July 15 of each year for the upcoming school year." [60, p. 3]. The 2017 Order requires Delta to create a "properly documented waiting list . . . and a fair and impartial lottery process . . . ." [173, p. 10].

The admission process required by the 2017 Order was approved by this Court in 2018, and has provided the basis of Delta's admission procedures since that time. This process has been overseen by Special Master Percy Bates and has, at all times, been monitored by the Department of Justice and the Concordia Parish School Board. The 2018 Enrollment Process provides that "To meet the Delta Charter School's obligation to enroll a student body that will reflect the racial demographics of the Concordia Parish School District, such that the percentage of black students will be within 10% of the black student enrollment in the Concordia Parish School District, Delta will admit the black applicants first, in the order of their lottery ranking as described above." [221-1, p. 5].

As of the beginning of the 2020-21 school year, Delta had an enrollment of 184 black students comprising 40.5% of its total student enrollment of 454 students. See chart below. The Parish Schools had 1,567 or 48% of the total student enrollment of 3,262 students. Exhibit 1. Delta's black student enrollment, therefore, came within 10% of the black student enrollment of the Parish beginning with the 2020-2021 school year.

Delta, for six consecutive years, has achieved a black student enrollment within 10% of the Parish Schools' district-wide black enrollment, as the chart below demonstrates. As of August 29, 2025, Delta has an enrollment of 535 students, 40% percent of whom are black and 60% percent of whom are non-black. Exhibit 1. Delta's black student enrollment is, therefore, within 10% of the black student enrollment of the Parish.

**Chart: Delta Charter School Enrollment 2017-2018 through 2022-2023 School Years**

| School Year | Black | Non-Black | Total |
|---|---|---|---|
| 2017-2018 | 73 (16%) | 383 (84%) | 456 |
| 2018-2019 | 140 (29.3%) | 338 (70.7%) | 478 |
| 2019-2020 | 159 (33.8%) | 312 (66.2%) | 471 |
| 2020-2021 | 184 (40.5%) | 270 (59.5%) | 454 |
| 2021-2022 | 187 (40.5%) | 275 (59.5%) | 462 |
| 2022-2023 | 198 (40.8%) | 290 (59.2%) | 485 |
| 2023-2024 | 199 (41.2%) | 284 (58.8%) | 483 |
| 2024-2025 | 198 (40.7%) | 289 (59.3%) | 487 |
| 2025-2026 | 214 (40%) | 315 (60%) | 535 |

Delta has met all other requirements ordered by the Court. The 2013 Consent Decree and 2017 Order require Delta to recruit and retain minority teachers and administrators and that all hiring practices be conducted on a non-discriminatory basis. [60, p. 3] and [173, p. 10]. For the current school year, Delta's full-time teaching staff is comprised of 3 blacks and 39 whites. Thus, 7.1% of the full-time teachers are black.

The remaining obligations set out in the 2017 Order have also been fulfilled: Delta has observed the Court-imposed limitation of students who reside in Concordia Parish[1]; Delta has consistently participated in bi-weekly or monthly calls with the Special Master and has paid fees associated with the Special Master; Delta has facilitated the Diversity Committee whose chair, Shelia Dye, has regularly participated in calls with the Special Master and Parties of the case; and Ms. Dye has regularly updated the Special Master and the Parties satisfying the Court's requirement that Delta provide updates of student recruiting efforts of the Diversity Committee.

Finally, the 2017 Order calls for the "elimination of disparate treatment and disparate impact on minority students with respect to the: (1) disciplining of students, (2) their ability to participate in extracurricular activities, and (3) transportation services provided to students." [173, p. 10]. Notwithstanding Delta's concerns with regard to this requirement, as reported by Delta on various calls with the Special Master and Parties, Delta has consulted with a representative of the Louisiana Department of Education

---

[1] In 2018, this Court imposed a limitation of 350 students who reside in Concordia Parish. [173]. The Court increased the limitation on Concordia Parish enrollment at Delta to 450 students in its December 2, 2022, Order. [306].

regarding student discipline and the PBIS initiatives of Delta. Lastly, all students are free to choose any extracurricular activity regardless of race, and transportation is not segregated by race.

**III.    The requirement to achieve "unitary status" does not apply to Delta.**

As the Fifth Circuit explained in *Banks v. St. James Parish School Board*, 757 Fed. Appx. 326, 330 (5th Cir. 2018), the only issue before this Court is whether Delta is undermining the Parish Schools' obligations under the desegregation order. Delta, therefore, need not show it has achieved "unitary status" as the Parish Schools are required to do. "[U]nitariness", the Fifth Circuit has explained, "represents a finding 'that the school district has eliminated all aspects of *de jure* segregation . . . .'" *Price v. Austin Independent School District,* 945 F.2d 1307 (5th Cir. 1991) (quoting *Ross v. Houston Independent School District,* 699 F.2d 218, 219 (5th Cir. 1983)). "[T]he appropriate measure of unitariness [is] 'whether the past has been eradicated so far as it remains in the power of school officials and courts to do so . . . .'" *Id.* at 1314 (quoting *Ross*, 699. F.2d at 227).

Because Delta never operated two racially segregated school systems, one for blacks and one for whites, there are not two separate systems to "unify" or bring together in the traditional sense of "unitary" status. The concepts and analysis underpinning the law of unitary status simply do not and cannot apply to Delta Charter School. See Delta's prior submissions: [252], [274], [275].

**IV.      Conclusion**

Because there is no dispute that Delta is not undermining the desegregation obligations of Concordia Parish, and because Delta has complied with this Court's Orders for a reasonable period of time, Delta respectfully requests the Court dissolve with prejudice the 2013, 2017, and 2018 Consent Decrees entered with respect to Delta Charter Group.

Respectfully submitted, this 29th day of August, 2025.

| | |
|---|---|
| /s/ Lee C. Reid | /s/ John S. Hooks |
| Lee C. Reid | John S. Hooks |
| LA Bar No. 26481 | MS Bar No. 99175 |
| Adams and Reese LLP | *Admitted Pro Hac Vice* |
| 701 Poydras St., Suite 4500 | Adams and Reese LLP |
| New Orleans, LA 70139 | 1018 Highland Colony Pkwy., Ste. 800 |
| Telephone:  504.581.3234 | Ridgeland, MS 39157 |
| E-mail:  lee.reid@arlaw.com | Telephone:  601.353.3234 |
| | E-mail:  John.Hooks@arlaw.com |

***Counsel for Delta Charter Group, Inc.***

**Certificate of Service**

      I do hereby certify that I have served a copy of the foregoing pleading by electronic filing pursuant to Rule 5.7 on all counsel of record on the 29th day of August, 2025.

                                              s/ *John S. Hooks*