# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 10, 2026
Lyle W. Cayce
Clerk

No. 25-30698

───────────

VERNON SMITH; ET AL.,

*Plaintiffs*,

UNITED STATES OF AMERICA,

*Intervenor Plaintiff—Appellee*,

*versus*

SCHOOL BOARD OF CONCORDIA PARISH

*Defendant—Intervenor Defendant—Appellant*,

*versus*

DELTA CHARTER GROUP, INCORPORATED,

*Intervenor—Appellee.*

───────────

Appeal from the United States District Court
Western District of Louisiana
USDC No. 1:65-CV-11577

───────────

## ORDER[*]

The Louisiana State Conference of the NAACP moved to intervene in this appeal or, alternatively, to participate as *amicus curiae*. The United States opposes the first request but not the second.

As we have explained before, "a court of appeals may, but *only in an exceptional case for imperative reasons*, permit intervention where none was sought in the district court." *Richardson v. Flores*, 979 F.3d 1102, 1104 (5th Cir. 2020) (quotation omitted). Because no rule authorizes "motions to intervene on appeal," such motions are "reserved for truly exceptional cases."[1] *Id*. This is not such a case.

The NAACP seeks "to defend the interest of its members and other Black students attending schools in the District." On its telling, the NAACP "has a separate broader organizational interest in this matter" because "[a] ruling in this appeal could affect the disposition of other desegregation cases in school districts across the state." The United States, however, asserts that it "already represents those interests." We agree with the United States. The NAACP did not move to intervene below, and the government will adequately represent the organization's interests on appeal. *See United States v. Bursey*, 515 F.2d 1228, 1238–39 (5th Cir. 1975) (holding intervention on appeal is proper where a "lack of timely intervention below may be justified" and the named parties "cannot adequately" represent the movant). Because (1) the United States adequately represents the NAACP's asserted interests,

---

[*] This order is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] In support of its motion, the NAACP cites Federal Rule of Civil Procedure 24 and cases invoking that rule. As the United States identifies, however, that law governs intervention at the district court, not this court. "[T]he Federal Rules of Appellate Procedure contemplate intervention only in proceedings to review agency action." FED. R. APP. P. 15(d). Nevertheless, this court has "allowed intervention in cases outside the scope of Rule 15(d)" despite "the lack of an on-point rule."

Case 1:65-cv-12573-JPM Document 468 Filed 02/10/26 Page 3 of 4 PageID #: 10741
Case 1:25-30698 Document 46-1 Page 3 Date Filed 02/10/2026

No. 25-30698

(2) the NAACP did not move to intervene in the district court, and (3) this is not an exceptional case, intervention is improper.

To the extent the NAACP wants to have its voice heard, "the proper procedure is to move to appear as *amici curiae*, not to move to intervene." *See Richardson*, 979 F.3d at 1106. Courts enjoy broad discretion to grant or deny leave to file an *amicus* brief under Federal Rule of Appellate Procedure 29. *See Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021). The NAACP may participate as *amicus curiae* and file a brief. At this juncture, evaluating whether the NAACP may participate in oral argument is premature. *See* 5TH CIR. R. 34.11; 5TH CIR. R. 34 I.O.P.

IT IS ORDERED that the motion of the Louisiana State Conference of the NAACP for leave to intervene is DENIED and its unopposed motion to participate as *amicus curiae* is GRANTED.

*Don R. Willett*

DON R. WILLETT
*United States Circuit Judge*

# United States Court of Appeals

**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

February 10, 2026

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 25-30698   Sch Bd Concordia Prsh v. USA
                     USDC No. 1:65-CV-11577

Enclosed is an order entered in this case.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Roeshawn Johnson, Deputy Clerk
504-310-7998

Mr. John Richard Blanchard
Mr. Gregory W. Brown
Ms. Morgan Brungard
Mr. Colin Burke
Ms. Pamela Wescovich Dill
Mr. Peter Feaman
Mr. David N. Goldman
Mr. Joseph Emil Hoffer
Mr. John Simeon Hooks
Ms. Karen Julian King
Mr. Daniel J. McCoy
Ms. Elizabeth Baker Murrill
Mr. Lee C. Reid
Mr. Timothy J. Riveria